# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| MALIK JA'RELLE WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV421-124 |
| WILLIAM HUSETH, CITY OF POOLER, GA, and CITY OF SAVANNAH, GA | ) ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

On April 23, 2021, Malik Ja'Relle Williams, proceeding *pro se*, filed this case against police officer William Huseth, the City of Pooler, Georgia ("Pooler"), and the City of Savannah, Georgia ("Savannah"), alleging that he was "arrested for charges that [were] not committed." Doc. 1 at 4. On May 10, 2021, the Clerk issued summonses for Defendants Savannah and Pooler, *see* doc. 7, but Plaintiff did not request a summons for, or serve,[1] Defendant William Huseth. *See generally* docket. Additionally, Defendants Pooler and Savannah filed a Motion to

---

[1] Since service requires a summons, *see* Fed. R. Civ. P. 4(c)(1), and only the Clerk can issue a summons, *see* Fed. R. Civ. P. 4(b), the fact that the Clerk did not issue a summons for Huseth implies that he could not have been served.

1

Dismiss on June 7, 2021, *see* doc. 8, to which Plaintiff has not responded. *See generally* docket. Given his failure to serve Defendant William Huseth, and his failure to respond to Defendants Pooler and Savannah's Motion to Dismiss, the Court directed Plaintiff to show cause why this entire case should not be dismissed for his failure to prosecute. Doc. 13. Plaintiff has not responded to the Court's Order. *See generally* docket.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, this case should be dismissed for Plaintiff's failure to respond to this Court's Order and failure to prosecute this action. The Clerk is **DIRECTED** to terminate Defendants' Motion to Dismiss as moot.[2] Doc. 8.

---

[2] If the District Judge declines to adopt this Report and Recommendation, *see* 28 U.S.C. § 636(c), the defendants may reinstate their motion by filing a notice with the Clerk. Upon filing of such a notice, the Clerk is **DIRECTED** to reinstate the motion.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 28th day of January, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA